UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

HARLEM GUZMAN

Defendant.

08-CR-332 (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 7, 2008, Harlem Guzman pled guilty to count two of a twelve-count indictment which charged that between September 21, 2006 and April 13, 2007, Guzman, together with others, conspired to execute a scheme to obtain money, funds and credits owned by and under the control of banks by means of false and fraudulent pretenses, representations and promises, in violation of 18 U.S.C. §§ 1349 and 1344.

Guzman was sentenced on May 11, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between thirty-three and forty-one months. Pursuant to section 5K1.1 of the United States Sentencing Guidelines, the government submitted a letter describing Guzman's substantial assistance and requesting that the court depart downward from the guideline range. The offense carried a maximum term of imprisonment of thirty years. See 18 U.S.C. § 1344. The guidelines range of fine was from $7,500 to $75,000.

Guzman was sentenced to one year and one day of imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. Guzman was ordered to pay $15,166,900 in restitution to the victims as shown in tables on pages seven through twelve

of the Presentence Investigation Report. Guzman shall make restitution payments in the amount of $100 per month, beginning six months after his release from prison. All payments shall be divided proportionally amongst the victims and there shall be joint and several liability between the defendants sentenced. The open charges in the indictment were dismissed upon motion by the government.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court departed from the guidelines pursuant to the government's letter submitted under section 5K1.1 of the United States Sentencing Guidelines.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious and caused harm to individuals as well as financial institutions. The defendant appears to be contrite and has close family relationships. A sentence of one year and one day imprisonment reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in bank fraud will result in a substantial prison sentence. Specific deterrence is unnecessary given the defendant's remorse and commitment to leading a law-abiding life in the future. It is unlikely that he will engage in further criminal activity.

Jack B. Weinstein
Senior United States District Judge

3

Dated: June 2, 2009
    Brooklyn, New York